IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1999 SESSION

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9806-CR-00270 |
| Appellee, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. J. O. BOND, |
| RICKY HARLIN NEAL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


**RICHARD J. BRODHEAD**              **JOHN KNOX WALKUP**
Cedars Center                        Attorney General & Reporter
307 West Main St.
Lebanon, TN  37087                   **GEORGIA BLYTHE FELNER**
                                     Asst. Attorney General
                                     Cordell Hull Bldg., 2nd Fl.
                                     425 Fifth Ave., North
                                     Nashville, TN  37243-0493


                                     **TOM P. THOMPSON**
                                     District Attorney General


                                     **ROBERT HIBBETT**
                                     Asst. District Attorney General
                                     119 South College St.
                                     Lebanon, TN  37087


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The Wilson County grand jury indicted the defendant on five counts of incest. The defendant pled guilty to one count of incest, and the remaining counts were dismissed. At the subsequent sentencing hearing, the trial judge denied probation and sentenced the defendant to a term of five years to be served in the Tennessee Department of Correction. The defendant now appeals this sentence, contending that it is "excessive in that the testimony . . . does not justify that the [d]efendant should serve the five year sentence in the [s]tate [p]enitentiary instead of on probation . . . ." It is unclear if the defendant is attacking the length of his sentence or only the denial of probation. After a review of the record and applicable law, we affirm the judgment of the trial court.

The defendant was indicted for various acts of incest that occurred over a period of one year while his daughter was in her early teens. The evidence indicated that the defendant had sexually abused his daughter on at least ten different occasions. The abuse consisted of sexual intercourse with the victim and ejaculation on the victim's body. This abuse continued until the victim's stepmother became aware of the situation.

The presentence report reflects that the defendant had been previously convicted of failure to appear, reckless endangerment, public intoxication, assault, three counts of operating a motor vehicle on an expired operator's permit, and two counts of driving under the influence of an intoxicant. The defendant has also been declared a motor vehicle habitual offender twice since 1994. At the sentencing hearing, the defendant presented evidence that he is employed, living in a stable environment, attending an alcohol abuse program, and attempting to "get [his] whole life changed

2

around."

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given to each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In this case, the sentencing court found that the defendant had a history of criminal conduct, that the victim of the offense was particularly vulnerable because of age or physical or mental disability, and that the defendant abused a position of public or private trust. The defendant challenges the court's use of two of these enhancement factors and the court's failure to consider several mitigating factors.

3

The defendant contends that the trial court erred in applying enhancement factor (1), that the defendant has a history of criminal conduct. T.C.A. § 40-35-114(1). However, as set out earlier, the defendant has nine prior convictions, and the evidence indicated that the defendant had sexually abused his daughter on more than ten occasions. This aptly supports a finding of a history of criminal conduct. As such, it was proper for the trial court to find the defendant's history of criminal conduct an applicable enhancement factor.

The defendant next argues it was error for the trial court to find that the victim of the offense was particularly vulnerable. T.C.A. § 40-35-114(4). The trial court based this finding on the fact that the victim had been sexually abused by an uncle and physically abused by her stepfather before she moved in with her father and stepmother. In fact, the victim stated that one of the reasons she did not report her father's actions was that she did not want to be removed from his home and placed in foster care. These circumstances support the trial court's application of this enhancement factor. See State v. Jernigan, 929 S.W.2d 391, 396-97 (Tenn. Crim. App. 1996).

The defendant also challenges the trial court's refusal to apply several mitigating factors. Specifically, the defendant contends that the trial court erred when it failed to consider as a mitigating factor that substantial grounds exist tending to excuse the defendant's conduct, though failing to establish a defense. T.C.A. § 40-35-113(3). To support application of this factor, the defendant argues he had a problem with alcohol at the time of the offense. We find that voluntary intoxication is not an acceptable ground upon which to sustain the use of this mitigating factor.

The defendant next contends that the fact that he was suffering from the

4

effects of alcohol, a physical condition that significantly reduced his culpability for the offense, should have been applied as a mitigating factor by the trial court. T.C.A. § 40-35-113(8). However, this section specifically states that "the voluntary use of intoxicants does not fall within the purview of this factor." As such, this contention is wholly without merit.

The defendant contends that the trial court should have considered as a mitigating factor the fact that although he is guilty of the offense, the defendant committed the offense under such unusual circumstances it is unlikely a sustained intent to violate the law motivated the conduct of the defendant. T.C.A. § 40-35-113(11). The defendant again refers to his alcohol-induced state to support the application of this factor. However, the defendant sexually abused his daughter on at least ten occasions. The fact that the defendant may have been intoxicated during these incidents does not rise to the level of "such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct." As such, this contention is also without merit.

The defendant also argues that the trial court should have considered as a mitigating factor the fact he was suffering then, and continues to suffer now, from a mental condition, i.e., depression, that substantially reduced his culpability for the offense. See T.C.A. § 40-35-113(8). As the State points out, however, there is absolutely no proof in the record that the defendant was suffering from depression at the time of the offense. As such, it was proper for the trial court not to consider this contention as a mitigating factor.

The defendant next contends that the fact he has entered a treatment

5

program, as well as Alcoholics Anonymous, and "has greatly improved his mental condition and totally cured his alcoholic problems" should have been considered as a mitigating factor by the trial court. However, this is not an enumerated mitigating factor set out in T.C.A. § 40-35-113. Although that list of factors is not exclusive, a trial court is not required to consider any other factors. As such, the trial court was not required to consider this assertion as a mitigating factor.

The defendant next claims that the trial court erred in not considering his steady employment as a mitigating factor. However, as this Court has previously noted, "[E]very citizen in this state is expected to have a stable work history if the economy permits the citizen to work, the citizen is not disabled, or the citizen is not independently wealthy." State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). Thus, we see no reason why the trial court should have considered the defendant's one year of steady employment as a mitigating factor. Thus, this contention is also without merit.

The defendant next contends that the trial court erred in sentencing him to serve his sentence in the Tennessee Department of Correction rather than on probation. T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1). In light of the foregoing applicable enhancement factors and lack of applicable mitigating factors, the trial court did not err in sentencing the defendant to

five years on the count of incest, a Class C felony.

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of sub-division (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favor-able candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

7

The defendant complains that the court should not have denied his request for probation. In determining whether the defendant should be granted probation, the court must consider the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon the criminal activity of the defendant as well as others, and the defendant's potential for rehabilitation or treatment. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). We note that the defendant has the burden of establishing suitability for full probation. T.C.A. § 40-35-303(b). "To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). Additionally, this Court has previously held that denial of alternative sentencing is proper even when based solely upon the defendant's numerous incidents of unprosecuted unlawful sexual contact. See State v. Michael W. Wasson, No. 02C01-9708-CR-00323, Shelby County (Tenn. Crim. App. filed May 22, 1998, at Jackson) (citing State v. Lloyd Mills Matthews, Jr., No. 03C01-9505-CR-00153, Washington County (Tenn. Crim. App. filed May 1, 1996, at Knoxville)).

Based on the defendant's lengthy criminal record, his history of sexual abuse of the victim, his refusal to take responsibility for his own actions, and the circumstances surrounding the offense, the trial court denied probation. The trial judge specifically stated that the defendant has "no business with other human beings." The trial judge concluded that the defendant has a problem, "[b]ut it had to do with sex, didn't have anything to do with drinking." In addition, the presentence report indicates the defendant has been previously convicted of numerous offenses and has a history of sexually abusing his daughter. The evidence presented fully supports the trial court's

8

findings, and the evidence rebuts the presumption of suitability for alternative sentencing.

In light of the foregoing, the trial court did not err in sentencing the defendant to five years for incest, a Class C felony. It is also clear the defendant has not established his suitability for full probation. As such, it was not error for the trial court to sentence the defendant to serve his five year sentence in the Tennessee Department of Correction. Accordingly, the defendant's sentence is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge

9